FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 9:41 am, Nov 24, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WILLIAM MITCHELL,

    Plaintiff,

v.

EMANUEL PROBATION DETENTION
CENTER, et al.,

    Defendants.

CIVIL ACTION NO.: 6:20-cv-28

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Toombs County Detention Center in Lyons, Georgia, filed this action based on 42 U.S.C. §1983 for events occurring at the Emanuel Probation Detention Center in Twin City, Georgia. Doc. 1. For the reasons which follow, I **VACATE** the Orders granting Plaintiff's Motion to Proceed *in Forma Pauperis* and directing the collection and remittance of funds, docs. 3, 6, and **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis*, doc. 2. For these same reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## BACKGROUND

Plaintiff alleges while at Emanuel Probation Detention Center, an inmate in a cell near him was pepper sprayed after refusing to follow Defendant Clarke's orders. Doc. 1 at 5. Plaintiff and other inmates also suffered from the pepper spray due to improper ventilation. Id. Following the incident, Plaintiff was coughing up mucus and blood and had a runny nose, as well

as chest and throat pain.  Id.  Two days after the pepper spray was discharged, Plaintiff saw a nurse.  Id.  Plaintiff, however, continued to suffer from a runny nose and cough for weeks and requested additional medical care but never received any prior to being transferred to Toombs County Detention Center.  Id.  Plaintiff brings this claim based on Defendants' denial of medical care, seeking injunctive and monetary relief.  Id. at 5–6.

## DISCUSSION

### I.     Dismissal Under 28 U.S.C. § 1915(g)

A prisoner seeking to proceed *in forma pauperis* in a civil action against officers or employees of government entities must comply with 28 U.S.C. § 1915 of the Prison Litigation Reform Act of 1995 ("PLRA").  Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g).  Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).  The Eleventh Circuit upheld the constitutionality of § 1915(g) in Rivera v. Allin, concluding that § 1915(g) does not violate the doctrine of separation of powers, nor does it violate an inmate's rights to access to the courts, to due process of law, or to equal protection.  Rivera, 144 F.3d at 723–28.

A review of Plaintiff's history of filings reveals he has brought at least three civil actions that were dismissed and constitute strikes under § 1915(g):

      1) <u>Mitchell v. Williams</u>, CV 617-57 (S.D. Ga. July 27, 2017) (dismissed for abuse of judicial process by failing to disclose prior litigation history);[1]

      2) <u>Mitchell v. Emmanuel Probation</u>, CV 617-56 (S.D. Ga. July 27, 2017) (dismissed for abuse of judicial process by failing to disclose prior litigation history); and

      3) <u>Mitchell v. Burse</u>, No. 1:16-cv-199 (M.D. Ga. Mar. 20, 2017) (dismissed for failure to state a claim).  Additionally, Plaintiff has been identified as a three-striker in:

      1) <u>Mitchell v. Emmanuel Probation</u>, CV 618-043 (S.D. Ga. Aug. 20, 2018);

      2) <u>Mitchell v. Palmer</u>, CV 620-31 (S.D. Ga. Apr. 13, 2020); and

      3) <u>Mitchell v. Parole Board</u>, CV 620-45 (S.D. Ga. Aug. 19, 2020).

Consequently, Plaintiff cannot proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).  "[A] prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g) . . . ."  <u>Brown v. Johnson</u>, 387 F.3d 1344, 1349 (11th Cir. 2004); <u>see also</u> <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding plaintiff failed to qualify under imminent danger exception because complaint could not be construed as "constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his [c]omplaint or that he was in jeopardy of any ongoing danger").

Plaintiff's allegations are insufficient to show he was in imminent danger when he brought this action on March 2, 2020, as required to surpass § 1915(g)'s three strikes provision. Plaintiff's allegations involved events occurring in January 2020, and he does not allege any ongoing danger of additional exposure to pepper spray at Emanuel Probation Detention Center,

---

[1] Dismissal for abuse of the judicial process counts as a strike.  <u>See</u> <u>Rivera</u>, 144 F.3d at 731; <u>see also</u> <u>Pinson v. Grimes</u>, 391 F. App'x 797, 799 (11th Cir. 2010) (failing to disclose previously filed cases properly results in strike).

3

nor can he because he has since been transferred to Toombs County Detention Center. See Smith v. Dewberry, 741 F. App'x 683, 686 (11th Cir. 2018) ("[A] three-strike prisoner must show that he was in imminent danger of serious physical injury or was in jeopardy of an ongoing danger at the time he filed his complaint."). Additionally, Plaintiff states in his Complaint he has seen a nurse for his alleged injuries. Doc. 1 at 5. As Plaintiff does not qualify for the imminent danger exception, his status as a "three-striker" precludes him from proceeding in this case *in forma pauperis*.

Accordingly, I **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis*. Doc. 2. Additionally, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint due to Plaintiff's failure to prepay the entire filing fee in this case.

## II.     Dismissal for Abuse of Judicial Process

The Court should also dismiss Plaintiff's Complaint because he failed to disclose his litigation history. The Complaint form directly asks Plaintiff whether he has "brought any lawsuits in federal court which deal with facts other than those involved in this action[]" prior to his current filing. Doc. 1 at 2. Plaintiff marked the blank for "No." Id. As discussed above, however, Plaintiff's litigation history reveals he has filed several other causes of action prior to executing his Complaint on February 27, 2020.

As previously stated, § 1915 requires a court to dismiss a prisoner's action if, at any time, the court determines it is frivolous or malicious, fails to state a claim, or seeks relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Significantly, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal" under § 1915. Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. 2011) (alteration in original) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)). In addition,

Federal Rule of Civil Procedure 11(c) permits a court to impose sanctions, including dismissal, for "knowingly fil[ing] a pleading that contains false contentions." Id. at 225–26 (citing Fed. R. Civ. P. 11(c)). Again, although pro se pleadings are to be construed liberally, "a plaintiff's pro se status will not excuse mistakes regarding procedural rules." Id. at 226.

Relying on this authority, the Court of Appeals for the Eleventh Circuit has consistently upheld the dismissal of cases where a pro se prisoner plaintiff has failed to disclose his previous lawsuits as required on the face of the § 1983 complaint form. See, e.g., Redmon, 414 F. App'x at 226 (pro se prisoner's nondisclosure of prior litigation in § 1983 complaint amounted to abuse of judicial process resulting in sanction of dismissal); Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010) (same); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 941 (11th Cir. 2010) (same); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (same).  Even where the prisoner has later provided an explanation for his lack of candor, the Court has generally rejected the proffered reason as unpersuasive. See, e.g., Redmon, 414 F. App'x at 226 ("The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit—that he misunderstood the form—did not excuse the misrepresentation and that dismissal was a proper sanction."); Shelton, 406 F. App'x at 341 ("Even if [the plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); Young, 380 F. App'x at 941 (finding that not having documents concerning prior litigation and not being able to pay for copies of same did not absolve prisoner plaintiff "of the requirement of disclosing, at a minimum, all of the information that was known to him"); Hood, 197 F. App'x at 819 ("The objections were considered, but the district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Another district court in this Circuit has explained the importance of this information as follows:

> The inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity, nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts. Rather, the existence of prior litigation initiated by a prisoner is required in order for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule") applicable to prisoners proceeding in forma pauperis). Additionally, it has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been decided adversely to the prisoner in prior litigation . . . . Identification of prior litigation frequently enables the Court to dispose of successive cases without further expenditure of finite judicial resources.

Brown v. Saintavil, No. 2:14-CV-599, 2014 WL 5780180, at *3 (M.D. Fla. Nov. 5, 2014) (emphasis omitted).

Plaintiff misrepresented his litigation history in his Complaint. The plain language of the Complaint form is clear, and Plaintiff failed to answer fully and truthfully. Doc. 1 at 2–3. This Court will not tolerate such lack of candor, and consequently, the Court should **DISMISS** this action, **without prejudice**, for Plaintiff's failure to truthfully disclose his litigation history, as required.

### III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address this issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (providing trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not

6

proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Moreover, as a "three-striker" Plaintiff is not only barred from filing a civil action *in forma pauperis*, he is also barred from filing an appeal *in forma pauperis* while he is a prisoner.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **VACATE** the Orders granting Plaintiff's Motion to Proceed *in Forma Pauperis* and directing the collection and remittance of funds, docs. 3, 6, and **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis*, doc. 2.  For these same reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, without prejudice, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual

findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of November, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA